## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GILLAN AND HARTMANN, INC. <br><br>     Plaintiff, <br><br>     v. <br><br> KIMMEL BOGRETTE ARCHITECTURE + SITE, INC., <br> MARTIN D. KIMMEL, and <br> MONTGOMERY COUNTY COMMUNITY COLLEGE <br><br>     Defendants. | CIVIL ACTION NO. <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT

1.      Plaintiff herein, Gillan & Hartmann, Inc. ("G&H"), is a professional corporation with a principal place of business in this district and located at 140 Whitaker Avenue, Mont Clare, Pennsylvania 19481.

2.      Defendant Kimmel Bogrette Architecture + Site, Inc., ("Kimmel") is a professional corporation with a principal place of business in this district and located at 151 East 10th Avenue, Suite 300, Conshohocken Pennsylvania 19428.

3.      Defendant Montgomery County Community College ("Community College"), is a municipal corporation with a principal place of business in this district and located at 340 Dekalb Pike, Blue Bell, PA 19422.

4.      Defendant Martin D. Kimmel, is an adult individual residing in this district.

## Statement of Jurisdiction

5.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 as this case arises under federal copyright law.

6.      Venue is proper in this judicial district as all defendants reside in this judicial district and substantial acts giving rise to Plaintiff's claim occurred in this judicial district.

7.      This Court has supplementary jurisdiction over Counts II through VII pursuant to 28 U.S.C. 1367(a).

## Statement of Facts

8.      Plaintiff G&H is an engineering firm that performs mechanical, electrical, plumbing, fire protection, and technology engineering work.

9.      Defendant Kimmel is an Architecture and Engineering Firm that performs architectural and engineering design work for construction projects, as a prime professional service to municipalities, universities, and nonprofit organizations.

10.     Defendant Community College entered into a written prime consulting contract with Defendant Kimmel to provide architectural and engineering design work on October 14, 2013 for the construction of additions and renovations to the Community College's Health Science Center ("Project").

11.     Plaintiff G&H entered into a written sub-consulting contract with Defendant Kimmel to provide mechanical, electrical, plumbing, fire protection, and technology engineering design plans, specifications, and engineering calculations ("Copyrighted Design") on October 14, 2013 (the "Contract") for the Project. A true and correct copy of the Contract is attached hereto as Exhibit "A."

12.     Pursuant to the Contract, G&H created the Copyrighted Design for the Project which contains material wholly original with G&H, and is copyrightable subject matter under the laws of the United States, and is so copyrighted.

2

13.     G&H has complied with applicable copyright registration requirements by submitting the Copyrighted Design to the United States Copyright Office for registration.

14.     G&H has not transferred ownership of, parted with title to, or divested itself of the exclusive right to vend the Copyrighted Design.

15.     Any unpermitted use, duplication or distribution of the Copyrighted Design infringes G&H's copyright.

16.     During the course of preparing its Copyrighted Design,  including completion of the Project's Construction Bid Phase, G&H has incurred professional services fees in excess of $400,000, of which $98,250 remains unpaid through opening of sealed Construction Bids by Kimmel and the Community College.

17.     Defendant Kimmel has failed and now refuses to pay G&H in accordance with the terms of their written agreement.

18.     Defendants Kimmel and Community College continue to use the Copyrighted Design to complete the Project with full knowledge of the copyright claim and nonpayment, and over the repeated objections of G&H.

19.     All conditions precedent to G&H's right to relief have been satisfied or have otherwise occurred.

## - COUNT I -
## COPYRIGHT INFRINGEMENT AND
## INJUNCTIVE RELIEF
### (Plaintiff v. Kimmel and Community College)

20.     G&H incorporates the foregoing paragraphs as though set forth at length herein.

21.     Kimmel and Community College have used, copied and, it is believed, made derivative works of the Copyrighted Design during the performance of the Project without paying for the same in violation of 17 U.S.C. § 501 et seq.

22.     Pursuant to 17 U.S.C. § 502, G&H is entitled to an injunction against Kimmel and Community College preventing further infringement of the Copyrighted Design.

23.     Pursuant to 17 U.S.C. § 503, G&H is entitled to an order against Kimmel and Community College impounding and destroying all unauthorized copies of the Copyrighted Design and all works that are substantially similar thereto, and all devices, including computer equipment, that include copies of the Copyrighted Design and all works that are substantially similar thereto.

24.     G&H is entitled to damages and profits through 17 U.S.C. § 504 including, without limitation, statutory damages, actual damages and profits.

25.     G&H is entitled to costs and attorneys' fees pursuant to 17 U.S.C. § 505.

26.     G&H is entitled to an order requiring seizure and forfeiture of all infringing articles pursuant to 17 U.S.C. § 509.

27.     G&H is entitled to all other relief available under the copyright statute and common law for copyright infringement, including enhanced damages.

**WHEREFORE**, Plaintiff Gillan and Hartmann, Inc., respectfully requests trial by jury and that this Honorable Court:

(a) Enter judgment in its favor and against Kimmel and Community College in an amount in excess of $98,250 for compensatory and punitive damages, as well as an award for reasonable counsel fees and costs, together with damages and

profits under 17 U.S.C. § 504 including, without limitation, statutory

damages, actual damages, enhanced damages and profits.

(b) Issue preliminary and permanent injunctions enjoining Kimmel and

Community College from any construction and/or planning based on

Plaintiff's Copyrighted Design and ordering Defendants to return all copies of

the Copyrighted Design in their possession, custody, or control;

(c) Issue and order an order against Kimmel and Community College impounding

and destroying all unauthorized copies of the Copyrighted Design and all

design works that are substantially similar thereto, and all devices, including

computer equipment, that include copies of the Copyrighted Design;

(d) Issue an order requiring seizure and forfeiture of all infringing articles

pursuant to 17 U.S.C. § 509; and

(e) Award such other relief as the Court deems necessary or appropriate.

## - COUNT II -
## CONTRIBUTORY COPYRIGHT
## INFRINGEMENT/INJUNCTIVE RELIEF
(Plaintiff v. Martin D. Kimmel)

28.      G&H incorporates the foregoing paragraphs as though set forth at length

herein.

29.      Upon information and belief, Martin D. Kimmel is the President and  a

shareholder of Kimmel.

30.      Upon information and belief, defendant Martin D. Kimmel had knowledge

of defendant Kimmel's direct infringement of Plaintiff's Copyrighted Design.

31.      Upon information and belief, defendant Martin D. Kimmel induced

defendant Kimmel to infringe Plaintiff's Copyrighted Design.

32.     Upon information and belief, Martin D. Kimmel's conduct as aforesaid was unauthorized and outside the scope of his employ and/or agency.

**WHEREFORE**, Plaintiff Gillan and Hartmann, Inc., respectfully requests trial by jury and that this Honorable Court:

(f)  Enter judgment in its favor and against Kimmel and Community College in an amount in excess of $98,250 for compensatory and punitive damages, as well as an award for reasonable counsel fees and costs, together with damages and profits under 17 U.S.C. § 504 including, without limitation, statutory damages, actual damages, enhanced damages and profits.

(g)  Issue preliminary and permanent injunctions enjoining Kimmel and Community College from any construction and/or planning based on Plaintiff's Copyrighted Design and ordering Defendants to return all copies of the Copyrighted Design in their possession, custody, or control;

(h)  Issue and order an order against Kimmel and Community College impounding and destroying all unauthorized copies of the Copyrighted Design and all design works that are substantially similar thereto, and all devices, including computer equipment, that include copies of the Copyrighted Design;

(i)  Issue an order requiring seizure and forfeiture of all infringing articles pursuant to 17 U.S.C. § 509; and

(j)  Award such other relief as the Court deems necessary or appropriate.

### - COUNT III -
### BREACH OF CONTRACT
(Plaintiff v. Kimmel)

33.     G&H incorporates the foregoing paragraphs as though set forth at length herein.

34.     Defendant Kimmel has materially breached the Contract as by failing and refusing to pay G&H for its work and wrongfully misappropriating the Copyrighted Design.

35.     As a direct and proximate result of Defendant Kimmel's breaches as aforesaid, G&H has suffered damages in the principal amount of $98,250 exclusive of interest and costs.

**WHEREFORE**, Plaintiff Gillan and Hartmann, Inc. demands trial by jury and judgment in its favor and against Defendant Kimmel Bogrette Architecture + Site, Inc. in the amount of $98,250, together with prejudgment interest, and such other relief as the Court deems necessary or appropriate.

**- COUNT IV –**
**PENNSYLVANIA PROMPT PAYMENT ACT**
(Plaintiff v. Kimmel)

36.     G&H incorporates the foregoing paragraphs as though set forth at length herein.

37.     The Pennsylvania Prompt Payment Act (the "Act"), 62 Pa.C.S. § 393, *et seq.*, applies to the Project and the Contract.

38.     Kimmel is a "Contractor" as that term is defined in the Act.

39.     G&H is a "Subcontractor" as that term is defined in the Act.

40.     G&H has performed in accordance with the provisions of the Contract by supplying Kimmel with the Copyrighted Designs in accordance with the provisions of the Contract.

41.     An amount of $98,250 is due and owing by Kimmel to G&H which has been improperly withheld by Kimmel.

42.     Notwithstanding G&H's repeated demands, Kimmel has wrongfully and unreasonably failed and refused to pay G&H in accordance with the terms of the Contract.

43.     Kimmel's wrongful, unjustifiable and unreasonable failure and refusal to pay Plaintiff undisputed monies owed for G&H's work on the Project is arbitrary and vexatious.

44.     Defendant Kimmel violated 62 Pa.C.S. § 3933 by failing and refusing to timely and completely pay G&H for its work.

45.     The Act provides that if a payment is wrongfully and unreasonably not made to a subcontractor when due, interest shall be paid to the subcontractor, in addition to the amount due, with interest computed at the contract rate of one percent (1%) per month. 62 Pa.C.S. § 3935.

46.     Pursuant to the Act, G&H is entitled to the award of a penalty equal to (1%) per month dating from the project bid opening date of October 23, 2014, of the amounts that have been wrongfully and unreasonably withheld by Kimmel from G&H.

47.     Pursuant to the Act, G&H is entitled to recover damages in the nature of attorneys' fees incurred as a result of Kimmel's conduct. 62 Pa.C.S. § 3935.

48.     As a result of Kimmel's wrongful and unreasonable withholding of amounts due to G&H in violation of the Act, G&H requests that a penalty be assessed against Kimmel in the form of: (1) an award to G&H of interest in the amount of 1 percent per month pursuant to 62 Pa.C.S. § 3935; and (2) an award to Plaintiff of its reasonable attorneys' fees expended in pursuing its claims under the Act pursuant to 62 Pa.C.S. § 3935.

**WHEREFORE**, Plaintiff Gillan and Hartmann, Inc. demands trial by jury and judgment in its favor and against Defendant Kimmel Bogrette Architecture + Site, Inc. in the amount of $98,250 together with statutory interest, penalties and attorneys fees, and such other relief as the Court deems appropriate.

### - COUNT V -
### UNJUST ENRICHMENT / QUANTUM MERUIT
(Plaintiff v. Kimmel (in the alternative to Count III))

49.     Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

50.     In the alternative to its claim for breach of contract, Plaintiff seeks compensation under the principles of unjust enrichment/quantum meruit.

51.     At Defendant Kimmel's request, G&H provided Copyrighted Design for the renovation and construction of the Defendant Community College's Health Sciences Center.

52.     Defendant Kimmel received the benefit of those services without compensating Plaintiff for the reasonable value of the contracted services rendered.

53.     The fair and reasonable value of Plaintiff's services was $98,250.

54.     Defendant Kimmel will be unjustly enriched if it is permitted to retain the full benefit of the services provided by Plaintiff without fully compensating Plaintiff for the same.

**WHEREFORE**, Plaintiff Gillan and Hartmann, Inc. demands trial by jury and judgment in its favor and against Defendant Kimmel Bogrette Architecture + Site, Inc. in the amount of $98,250, and such other relief as the Court deems appropriate.

9

## - COUNT VI -
## PROFESSIONAL NEGLIGENCE
### (Plaintiff v. Kimmel and Martin D. Kimmel)

55.     Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

56.     Defendant Kimmel and Martin D. Kimmel ("Kimmel Defendants") owed a professional duty to G&H to perform its architectural services consistent with the professional skill and care ordinarily provided by architects practicing the Commonwealth of Pennsylvania and Montgomery County, under the same or similar circumstances, and to perform its services as expeditiously as is consistent with such professional skill and care and the orderly progress of the Project.

57.     Kimmel Defendants owed a duty to G&H to perform, or to ensure performance of Kimmel Defendants contractual duties in a manner of good faith and fair dealing, and to administer the project architectural and engineering design work in conformance with the standard of care set forth in paragraph 56 above.

58.     Kimmel Defendants materially breached this duty by insisting that G&H perform work under the Contract free of charge, making false assurances to the Community College that certain design services would be performed at no cost to the College and without payment to G&H, refusing to pay G&H for services performed, and unlawfully misappropriating G&H's Copyrighted Design.

59.     The negligence of Defendant Kimmel has damaged Plaintiff in an amount in excess of $97,500, exclusive of interest and costs.

**WHEREFORE**, Plaintiff Gillan and Hartmann, Inc. demands trial by jury and judgment in its favor and against Defendant Kimmel Bogrette Architecture + Site, Inc. in an amount in excess of $97,500, and such other relief as the Court deems appropriate.

## COUNT VII – CONVERSION
### (Plaintiff v. All Defendants)

60.     G&H incorporates the foregoing paragraphs as though set forth at length herein.

61.     Defendants' utilization of G&H's Copyrighted Design constitutes unlawful conversion.

62.     Defendants have intentionally, willfully, and unlawfully taken, acquired, appropriated, kept and used the Copyrighted Design, depriving G&H of its rights in, and use or possession of such property.

63.     As a direct, foreseeable and proximate result of Defendants' conversion, G&H has suffered damages in excess of $97,500, exclusive of interest and costs.

64.     The conduct of Defendants was intentional, willful, outrageous, and without any justification that punitive damages must be awarded.

**WHEREFORE**, Plaintiff Gillan and Hartmann, Inc. demands trial by jury and judgment in its favor and against Defendant Kimmel Bogrette Architecture + Site, Inc., in an amount in excess of $97,500, together with punitive damages, including interest and costs, and such other relief as this Honorable Court deems necessary or appropriate.

CIPRIANI & WERNER, P.C.

*Kevin B. Watson/kep*

Kevin B. Watson (PA 46743)
Kathryn E. Pettit (PA 311684)
450 Sentry Parkway, Suite 200
Blue Bell, PA 19422
Telephone:  (610) 567-0700
Fax:  (610) 567-0712
E-Mail: kwatson@c-wlaw.com

Dated: February 27, 2015          *Counsel for Plaintiff, Gillan & Hartmann, Inc.*

11